All right, we're ready to proceed. Okay, good morning, Your Honors. We're here today to discuss a case of a dismissal... You need to state your appearance for the record. Tell us who you are. I apologize. Kayleen Cosmo for the appellant, Raymond Valdez. Okay. May I continue? Yes. Okay, great. Sorry. So, we are here today to discuss the dismissal of my client's claim for wrongful death based on the statute of limitations.  Yes, Judge Wallach has a question for you. Do you agree that the record under the mailbox rule is clear that your client received those two notices in September, I think September 29th of 2012, notifying her that the mortgage processing and reporting transfer notice and so on? Well, we're on the wrong one. We're on Valdez v. United Airlines. Oh, sorry. Sorry. We'll get oriented, so we'll stop the clock. I apologize. Let's go back to the beginning because we're going to start over. I know who you are.  And now we want to get on... I apologize. It's okay. We're all on the same case now. Yeah. So, okay. So, we'll give you two minutes to sort of get back into your introduction and then we'll start the questions, okay? Okay. Thank you. So, this case today is here based on a dismissal of my client's wrongful death claims based on the statute of limitations. Opposing counsel was successful in their motion to dismiss based on those claims because stating that the statute of limitations expired on October 20th, whereas the complaint was not filed until two years later on October 21st. It is clear from the record that the passing of the statute of limitations before the complaint was filed was based on a pure inadvertent mistake from prior counsel. I would like to note I was not counsel at the time, but I am fully... Your firm was counsel, was it not? Yes. I am fully acquainted with the record. It was not me in this situation. It doesn't matter, does it, from a legal standpoint? No. It doesn't save you. You're responsible.   Okay. No, absolutely it doesn't. I only say that to talk about the inadvertent mistake. So, there are several inadvertent mistakes. One, prior counsel for my firm miscalculated the days of the year. Because there was a leap year, you say? Yes. But wouldn't that leap year have changed it the other way, not the way you're saying? It adds another day? It doesn't help you. Yes, I will concede that point. And I will concede that their calculations were obviously... That goes to the point that those were obviously a mistake that they had made. And in addition, I believe that the prior counsel had in their mind of the discovery rule wherein this matter wasn't... The causation of this matter, the injury that occurred on October 20th, was not known to my client as the cause of their mother's death because they didn't have any idea that it was caused by this until they received the death certificate in December of that year. So, even calculating the statute of limitations, I think in their mind... Is it in the record? Yes, it is, Your Honor. And I believe it was issued on October 28th, but my client did not get it until... I think because she died in a state that he did not live in, in Texas, he did not get it until December. Additionally, there was an issue with the service company. Wherein the... You pro-offer an email from the service company, is that correct? Correct. And you rely on that? Yes. Is there any foundation whatsoever for that email? The foundation is... Who sent it? Who sent it? When? What was the date on it? What was the time on it? I need to... Well, this was... It was sent later to confirm about the date that we had submitted it. And further, the prior attorney... You're not answering my question. You need a foundation for evidence, don't you? I am going to speak to the foundation, which is that...  I'm sorry? Do it now. Yes, but... Speak to the foundation for that email. The foundation... Well, first of all, prior counsel Antonio Castillo declared that this was submitted. And in a declaration, as an officer of the court, the court must can take their declarations as true. At the stage of... You've got to be kidding. What's your legal authority for that? Cite a case that says that we're required to take as true a declaration by counsel because they're an officer of the court. As an officer of the... Well, in any motion to dismiss, Your Honor, the law states that any fact that is declared must be taken as true at that stage. And not on the merits. This is just a procedural argument. At the pleading stage and these motions... And at the motion stage, it must be taken as... Cite case law to me on this. I mean, this is mind-boggling to me. One moment, Your Honor. Basically, you blew this by one day is what happened here. Correct? And so, at some point, you're asking the court to give you relief from that. Is that right? Well, I believe that the interest of justice would not serve my client based on it being dismissed on a less than 12-hour difference. This was... It would be due by 1159 on October 20th. This was, quote-unquote, filed by the court even though it was submitted prior to that by October 21st at 1152, I believe. I don't think that the interest of justice... And a 12-hour difference does not prejudice the other side. That is the whole purpose of a statute of limitations is to avoid prejudice for the other side to be able to, you know, defend their case. And a 12-hour difference does not do that, especially when it was, you know... Half-year difference. I'm sorry? How about a two-and-a-half-year difference? Because there was a very long time between the service of this complaint and the alleged incident. So, United is faced with having to start investigating when memories have dimmed. I understand that argument, Your Honor. But the argument that is at issue here is the dismissal for the statute of limitations. The time it took between now and motion practice and appeals to resolve the issue is not the intent of the statute of limitations. No, no. The argument here is 60B1. Right. And that is inadvertent mistake of calculating the statute of limitations. And by any measure, we can concede that this was due by October 20th, and it was filed within 12 hours of that date. How about your representation to the court that the service company allegedly made a mistake in not filing this in a timely fashion? That's based on that completely unsupported, I'll call it, I'm putting it in air quotes, email which you received and which really doesn't say that. Well, Your Honor, I believe that the email does say that. It says that we submitted it to them for filing on October 20th, and as a licensed purveyor of these services for filing, they agreed to file it the same day. And that was our understanding of what had happened, and we didn't realize that mistake until the motion for dismissal came about. So you argued to the court that it was excusable? I argued that it was an inadvertent mistake. Inadvertent mistake. Did that argument ever change to excusable? No, my client has, I don't believe so. And the court didn't think it was inadvertent. So you had to ask, you threw yourself on the mercy of the court, and the court found against you. And what was the basis for that? The court found against my client based on the pioneer factors deciding excusable neglect. But the pioneer factors, even in that case, state that they do not apply to mistakes of fact, which is the issue here. One, the mistake of fact was the counting of the statute of limitations and also the idea that the delayed discovery rule, wherein even if we counted wrong on that day, we believe that the actual triggering date for the statute of limitations was in December of that year when the client discovered that this actual wrongful death claim was available to them. And I believe there's a strong federal policy to resolve the case issues on the merit rather than procedural. Why didn't you obtain a certified document or declaration from the L.A. Superior Court stating that the complaint was filed on October 20th rather than October 21st? I believe that that was not obtained simply because other arguments were persuasive to prior counsel. I can't, I don't know. But it wasn't in the record, right? That's something you could have done. And we can't put it there. I can see that point, Your Honor. Okay. You agree that the, you say that the death certificate was what alerted your client to the cause of action. Yes. What in the death certificate did that? Because it seems to indicate that she died with acute respiratory failure listed as an immediate cause of death and underlying causes listed as COVID pneumonia, multiple myeloma, and bacteremia. Yes. How does that relate? The underlying cause of COVID is the issue at hand here. My client's mother did not have COVID before this fall where the airline dropped her while they were transporting her. She had to go into the hospital during the height of COVID to seek care. And during that time is when she contracted COVID. And that contributed to her death, clearly as stated in the death certificate. And he did not have any idea about that until he received the death certificate several months later. Okay. So this is Judge Schroeder. On the filing of the complaint, what is your theory in this appeal on why the 60B motion should have been granted? Briefly. I believe that the 60B motion should have been granted because there was an inadvertent mistake. One, about when the statute of limitations ran because of the delayed discovery rule. Two, because of an inadvertent mistake about calculating even if the triggering date was the date of the incident. There was an inadvertent mistake in counting when that would be based on prior counsel. And are you blaming the court clerk as well? We're not placing blame here other than on the service company. The service company? Yes. So the appellees here have asked the court to award attorney's fees in this case. So let's assume just hypothetically right now, and I don't know what the court's going to do because we haven't conferenced on this. But let's assume you lose on getting relief here. They've asked for attorney's fees. What's your position on that? And if we get to that issue, why, from your perspective, should we not award them attorney's fees? I do not believe that attorney's fees should be awarded because this is a viable cause of action. It's not a frivolous matter as put forth in the complaint, that this is being dragged on to be vexatious or harassing or anything of that sort. But that is not the case. My client very much believes in the cause of action, and we very much believe that this should be going forward regardless of this inadvertent mistake. Right, so you blew it, okay, and you lose in the district court. I mean, this is when you call it, you know, if you had filed it any earlier, we wouldn't have had to be talking about this. But anyway, so when you go down to the – if you're running to the courthouse on the day that it's due or there's any number of things that go wrong, the court didn't buy your excuse, okay, so you lose there. So what – for them to get attorney's fees, you know, and the first thing you do is you call your E&O carrier because you didn't file it within the statute of limitations. But what do they have to show to get attorney's fees here? You're saying it's – why isn't this frivolous? You tried it on the court. The court said, I'm not giving you relief. And then you go ahead and you say, well, I'm going to try again on the appellate court. Why isn't it frivolous after you've already – you know, you couldn't get equitable tolling. You couldn't get anyone to say, hey, it was excusable, it was inadvertent, you don't get relief. And the standard of review is going to be sort of deferential here. Why do you get to keep it going? And let me add on to the judge's question, and that is, why didn't you file a reply brief when the response raised this issue? I can't speak to the last question, Your Honor, but I will speak to the question about why this is not frivolous. One, the trial courts are not infallible. I mean, something like 20 percent of cases are overturned, and that's because people are not fallible. Decisions are made by judges. And we believe that their interpretation of the law of Rule 16b-1 is inaccurate, and they got the law wrong on this. And we are seeking relief from this court to correct that error. Well, you're hoping that someone will feel sorry for you, essentially, basically. And do you – are you relying on Washington, the Washington case, as an example, where this court took mercy on – I'm not asking the court to take mercy or feel sorry for us. I think that there is an excusable and inadvertent mistake that happened here by a prior counsel on several instances. There are several mistakes that lined up to make this the case, and I don't think that the federal policy that this should be decided on the merits should be forestalled based on a 12-hour mistake. Counsel, there is no prior counsel. You are counsel. Your firm is counsel. It's not prior counsel. And I want an answer, if you can, as to why no reply brief was filed. You can't say, I don't know. I mean, you're here representing your client. I understand, Your Honor, and I believe that the – we felt that our brief on its own stood for the points that we wanted to make with this court. Okay. All right. Your time's expired at this point, your total time. Do either of my colleagues have any additional questions? No. All right. I'll just give you a minute for rebuttal. Thank you, Your Honor. But we'll hear from the other side, your friend on the other side. Good morning. Good morning. May it please the Court, Michael Cutler, Counsel for Defendant Appellee United Airlines. Honorable Judges, I'm trying to be very respectful of the time of this court and not to repeat any of the arguments that we've made in our answering brief. It's your time. Of course. I will just say very respectfully that I think it's quite apparent at this stage, just objectively speaking, that this half-hearted appeal should not have been filed in the first place. I think that our request for attorney's fees is – You're seeking in the way of attorney's fees. I didn't see anything. So I apologize if we were supposed to submit an estimate or anything like that. I'm curious. In my experience, it would be going back and looking at our – We would ask you for a statement. And a declaration. How much is it? Do you know? I do not have an estimate. And, you know, to the extent that we spent a little bit more time than needed, we would, of course, not submit the extra time. It would only be something commensurate with the exposure in this matter. Well, do you think the pioneer factors apply when evaluating any of the four enumerated bases in a Rule 60B1 or is it just excusable neglect? What's your best case supporting your argument here? So my reading of the case on this, which is really a mosaic of various cases, is that Rule 60B1 to begin with is not a mechanism to get a second bite in an apple when you lose a motion to dismiss. And even if it was, then relief would not be proper here under the pioneer factors. That is sort of the analysis that I've learned as I research this issue. Well, okay. I'm struggling with the frivolousness argument. We're talking one day. We're not talking sometimes with a year of this, that. We're talking one day. Okay. They blew one day. But they don't get relief here. But why is it frivolous to try to, as I think your friend on the other side said, judges see things differently sometimes. And I refer you to the Washington case, which I happened to be on. And they blew one day. It was a capital case. It was a habeas. And the court ultimately denied them relief initially. And then we went on bonk. I happened to be in the dissent saying that they didn't have a good reason. But I lost there. I'm in the dissent. That's what that's called. I lost, you know. And so why can't she be hopeful that maybe that trying on another panel, like in Washington, they might be successful? Because it's just one day. It's just one day. And judges have hearts, despite what people say. And sometimes they can, you know, blow up to the size of a BB. And you might get that one-day chance. Of course. But I just want to make it clear that we do not have here an appeal from a motion to dismiss. What we have here is an appeal from a denied motion for relief under Rule 60B1, which was brought 54 days after the dismissal of the case, after a dismissal of an appeal pursuant to a stipulation. All right. Was the 60B untimely? We would argue that it is untimely under certain Ninth Circuit precedent that indicates that in a case like this, it should be filed within the time to appeal, within the 30 days on these types of facts. There's no justification to wait beyond the time allotted for an appeal to come up with the arguments that opposing counsel has presented. So what I heard from you, I just was listening very carefully to what you said, and the facts in this case is your client somehow, she fell out of, your client was taking her in a wheelchair on a plane ride, and she falls out, and then she dies of something, it looks like, one could argue, completely unrelated. And so you basically imply this case should have never gotten off the ground anyway. So it's a bad case, but where in the case law does it say we can peek under the covers and decide whether the one day it's a good case or a bad case? Because Washington was a death penalty case. And the one day, and it was a habeas, and the court could peek under the covers and say, oh, we don't want to execute a guy without letting him have his habeas, we're going to give him the one day. But here, this case sort of factually shaky, let's say RIP, put it to rest. One day we're not going to give you a break. No, I'm not sure I'm making that argument. You said something, there was something that you said that made me indicate this case never should have gone anywhere anyway. No, no, no, the appeal of the motion for relief from judgment should not have been filed in the first place. That's the only thing I meant. I did not mean to imply anything about the merits of the case. Well, if you were in the other side hypothetically, you blow the statute of limitations by one day, aren't you going to try to do anything to try to, I mean, you've got to show, don't you have to show some bad faith, some frivolousness? And let's just say I think they're just incompetent, okay? Let's just say, I'm just saying that hypothetically, but let's say that that's what I think. How does that satisfy the sanctioning here? So that's not the only thing we have, and if it pleases the Court, I will repeat, because it's a lot of factors, I cannot remember them, but... When you're doing this analysis, talk about the merits of their, the quality and merits of their motion. So just to give you the procedural background of what has happened here, so one plaintiff's counsel filed a complaint late, then waited six months to serve it, failed to substantively respond to our made and confer efforts before filing the motion to dismiss, raised frivolous arguments in response to the motion to dismiss, filed the opposition to the motion to dismiss nine days late, and after our reply was already past due. Six, failed to submit a proposed statement of decision per Judge Walter's requirements. Seven, did not request leave to amend the complaint. Eight, did not timely move the Court for reconsideration or for leave to supplement the facts or the law at any point. Nine, filed an appeal. Ten, dismissed the appeal after we indicated that we would be seeking sanctions for a frivolous appeal. Eleven, filed a belated motion for relief under Rule 60B in violation of the local rules and the court's standing order, which was stricken from the record. Twelve, failed to meet and confer properly before filing a renewed motion to relief. Thirteen, failed to file the motion for relief within a reasonable time, which we would argue is 30 days after the motion to dismiss. Fourteen, failed to submit a proposed statement of decision in violation of the district court's standing order and the local rules. And in addition, on top of that, of course, we have the failure to address any of the arguments in our answering brief failure to file a reply, which is disrespectful to this Court. I think this Court is busy enough without having to do that. But you asked, did the district court sanction them? You asked for sanctions down there, right? And the district court had just a chance to be pretty irritated about this, but did the district court sanction them? The district court did not sanction them. And why not? In my experience with working with Judge Walter, I think he's just not a judge who easily awards sanctions, and I think he probably thought that the dismissal of the case was a sanction big enough. Okay, so should I take that into consideration in deciding whether this was bad faith or frivolous? Because Judge Walters usually doesn't, because he's a good guy and he's mellow and he doesn't slam people right away? I do not think so. I think that Judge Walter thought that the dismissal of the case was enough of a sanction. However, to take it further and to file an appeal in the way that it was presented to this Court, I think that's where the message has to come across. A strong message from this Court that this will not be tolerated. So, but you're asking for, you're not just limiting this to the appeal, right? You haven't given us a number here. So, in fact, I am limiting it to the appeal, and if it pleases the Court, the sanctions could go to the Court itself, in whichever amount the Court determines. So you're not going to ask for sanctions of the laundry list of incompetence that you just went through? This is the background to show that what culminated... So what are you going to ask for, what are you asking for sanctions for? Well, preferably to recover some of the attorney's fees that our client has spent in responding to this frivolous appeal. And if the Court is not inclined to grant that, then any sanction that will send a strong message does not have to be a monetary... You're asking for sanctions against the law firm? Against the law firm. But I found cases that said you can't sanction the law firm, you can sanction the individuals. I believe that it is appropriate under 28 U.S.C. Section 1927. What's your case authority for that? Just a moment. How many people are currently in the other side's law firm, if you know? I know that their website states that they have more than 10 offices and that they appear on CNN constantly. I'm not sure what they currently have. You're great. Thank you, by the way. So at this point, unfortunately, my best case is Rudder Guide. The Rudder Guide? Rudder Guide, correct. Well, I'm looking at Transamerica Life versus Arruda Yunion or whatever. Issuing an OSC as to why the Court should not impose 1927 sanctions in a case where the defendant failed to comply. And I'm looking at that case and I'm also, I want to finding sanctioning the law firm that I'm looking at Cass versus Wells Fargo, a Ninth Circuit 2015 case where based on our review of the plain language of the statute and our consideration of the persuasive reasoning of some of our sister circuits, we hold that 28 U.S.C. section 1927 does not permit the award of sanctions against a law firm. So tell me why that's not on point. That does sound on point, Your Honor, and if that is your ruling on this issue, then I absolutely respect that. Well, are you seeking sanctions against an individual like the person who signed this blue brief? Absolutely, Your Honor, yes. Okay. Do any of my colleagues? Yes, let me make sure I understand your position. You're only asking for sanctions for this appeal, not for any of the litany of things that you were talking about before. Correct, Your Honor. And this appeal was timely filed and was briefed in accordance with the rules, right? Correct. I'm just asking the court to take into consideration the background of how this appeal. So you're really asking us to look at the merits of the appeal? Correct. All right. If you don't have any additional questions, you're free to use the balance of your time, but you don't have to if you don't want to. Thank you, Your Honor. I will just conclude with respectfully requesting that the judgment of Judge Walter be affirmed. Thank you. All right. I'm giving the appellant one minute. Thank you, Your Honor. I would just like to conclude by saying that counsel has not presented any theory that is viable in my opinion that this appeal is frivolous, and therefore they should not be entitled to sanctions. And I also believe that this court should vacate the dismissal of this case so that it can be decided on the merits, as is the strong public policy. Thank you. I'm not done with you, counsel. Do you agree that the contents of this appellate brief include misstatements of fact to the court and argue material that is actually unsupported by the record? No, I do not, Your Honor. All of the arguments that are, to my knowledge, that are located in that brief are supported by facts in the motion to reconsider and our response to opposition to the motion to dismiss. Legally cognizable facts, you believe that they are? Yes. All right. Thank you both for your argument in this matter. It will stand submitted.
judges: SCHROEDER, CALLAHAN, Wallach